## Caudill v. Commonwealth.

March 12, 1946.

Eldon S. Dummit, Attorney General, and H. K. Spear, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

William Caudill was given life imprisonment for the murder of Gardner Johnson. On this appeal he is urging that he should be given a new trial because the court refused to grant him a continuance. The indictment was returned on September 3rd, nine days after the homicide, and while Caudill was still in jail. On September

5th, the court set the case for trial for September 13th. On that day Caudill announced ''Not ready'' and his attorney prepared an affidavit for continuance which the court refused to grant. This affidavit set forth the testimony which Frank Caudill would give, but was not read to the jury. The record shows, however, that a witness by the name of Frank Caudill testified in behalf of the appellant. We may say in passing that the affidavit was defective in that it did not set forth that the testimony of the alleged absent witness was material; that the witness was within the jurisdiction of the court; and that the witness was not absent by the procurement or with the consent of the appellant. Furthermore, the date on which the subpoena was issued was not given. It was fatally defective therefore St. Clair v. Commonwealth, 245 Ky. 730, 54 S. W. 2d 1.

The motion and grounds for a new trial make no reference to a continuance. Therefore, the question is really not before us. In view of the severity of the punishment, however, we have examined the record and have reached the conclusion that the trial judge did not abuse the broad discretion given him on the question of granting a continuance. Caudill admitted shooting Johnson, but said he did so because he had seen him hugging and kissing Mrs. Caudill in a beer parlor, and that he thought Johnson was going to kill him. Johnson's and Mrs. Caudill's conduct in the beer parlor merits nothing but condemnation, but Caudill had been with them and knew what they were doing. The record shows that he attempted to get Mrs. Caudill to go home with him, but after she refused to do so on several occasions he went to the home of a friend and got a pistol and went back to the beer parlor and stood outside of it. He sent a party in to get Mrs. Caudill and when she finally came out with Johnson, who had his arm around her, he shot Johnson. According to the Commonwealth's version of the killing, immediately upon Johnson's and Mrs. Caudill's exit from the beer parlor, Caudill said, ''Stick 'em up, God damn you, I'll kill you,'' and immediately fired the fatal shot. Caudill said he knew Johnson was armed, and one of his witnesses testified that, as Johnson emerged from the beer parlor, he had one arm on Mrs. Caudill's shoulder and had something in the other hand. According to the Commonwealth's evidence, Johnson had a bottle of beer in one hand

as he went out the door. About a half hour after he was killed Johnson's brother took a pistol out of his pocket. Under the circumstances, we fail to see how the granting of a continuance would have been of any benefit to Caudill, since practically every eyewitness testified on one side or the other.

For the reasons indicated, the judgment is affirmed.